## HENRY v. SALOMON.

BAILMENT—LOSS OF GOODS—ACTION BY BAILOR—CONSIDERATION
—EVIDENCE—SUFFICIENCY.

In an action against a bailee for the loss of goods, involving
an issue whether he was bailee for hire, evidence examined,
and *held*, to show that he agreed to store the goods as part of
an agreement for the rent of certain premises, and was there-
fore liable for their loss.

Error to Hillsdale; Chester, J.   Submitted April 16,
1907.   (Docket No. 117.)   Decided May 18, 1907.

Assumpsit by William Y. Henry against Moses Sal-
omon on a contract of bailment.   There was judgment
for plaintiff, and defendant brings error.   Affirmed.

*Merton Fitzpatrick*, for appellant.

*C. A. Shepard*, for appellee.

MONTGOMERY, J.   The defendant is a dealer in second-
hand articles, and owns a building in the city of Hillsdale.
The lower portion consists of two rooms, one occupied by
defendant and the other usually rented.   In April, 1904,
Mr. Judson D. Chappell, who was engaged in the manu-
facture and sale of harness, etc., and in whose employ-
ment the plaintiff was engaged, had negotiations with
defendant relative to leasing the portion of the first story
not used by defendant in his business.   Plaintiff was
present and took part in these negotiations.   As a result
of the negotiations, Chappell and plaintiff moved in.
Plaintiff packed some of his belongings in a large box
which was taken to an upper floor and stored away.
Later on the defendant was found making use of the box
to store oats in and plaintiff's goods had disappeared.
This action was brought to recover the value of plaintiff's

property. A special finding of facts was made. Defendant excepted to the finding, and on error the only question presented which calls for discussion is whether there was any testimony tending to show that defendant was, as to plaintiff's property, a bailee for hire.

Defendant's contention is that the defendant rented the room in the first story of· the building to Chappell, and that the permission to store the boxes in the second story was a mere accommodation.

Plaintiff's counsel, on the other hand, contends that the agreement to store these boxes was a part of the consideration for the leasing, and that defendant assumed the obligation of a bailee for hire.

The testimony offered by plaintiff was as follows: Mr. Judson D. Chappell testified:

"I was present and had a conversation with Mr. Salomon in regard to occupying this room down there by Mr. Henry. Mr. Henry and I had a talk with Mr. Salomon concerning the building that we rented down there, and it was understood and agreed that a partition should be put in and screen doors furnished. We also talked about the terms of rental, and the fact that there was not room enough in the building to store the boxes and other things. We wanted to get them out of the way, and I understood that we were to have room enough upstairs to store Mr. Henry's boxes, and that they would be cared for, and I supposed it was a part of the consideration for the lease; and the fact that he agreed to store the boxes and furnish room below was one of the inducements that led to the taking of the room."

Mr. Henry testifies:

"Mr. Chappell and I went to see Mose about the room, and he said we could have it. I was at that time over to the Mosher house, and he wanted me to go over and look at the rooms. I thought they were pretty small, and asked him if he couldn't store some things in the boxes upstairs. Some of my best boxes. He said, 'Yes.' I unpacked the big box first. I had a lot of moth balls in there. I shook and left them in the box, and put my bundles in. I had my Grand Army suit in, and a quilt and a pair of pants. I put a rug in there, some rope, and

burlap; and he said: 'You can store the big box up there, and the crate with the machine. I can't do business and have all of them boxes up there.' 'Well,' I says, 'the agreement was, Mose, that you was to store the boxes.' I didn't say all the boxes. He agreed to store and take care of the big box and the machine crate right over the part which I was under. That was done for the purpose of making more room below. * * * After he took charge of the box and my things, and told me he would take care of them I rested easy, supposing they would be all right and cared for, and they would if he had left them alone. I afterwards learned that he had put oats in the box."

J. H. Pierson says:

"After we had packed up the box Mr. Salomon rolled it into his part, took it onto his elevator and took it upstairs, and put it back in the corner of the building where he said it would be out of his way. I know nothing about any arrangement or agreement to store the box. I didn't hear any talk about it. He told me where he was going to put the box, and said it would be all right, and out of his way over there."

This testimony was evidently construed by the circuit judge as establishing the fact that defendant as a part of the agreement for renting the store building agreed to store the boxes in question. We think it was open to this construction. The defendant, according to this testimony, acted upon the agreement and himself took charge of the box and directed the placing of it. The finding had support, and is as binding upon this court as a verdict of a jury would be.

The judgment is affirmed.

McALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.